UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 23-0304 (BAH) |

## ANSWER

Defendant, U.S. Customs and Border Protection ("Defendant"), by and through its undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff International Refugee Assistance Project, Inc. ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552.

All allegations not specifically admitted are denied.

### RESPONSE TO NUMBERED PARAGRAPHS[1]

### PARTIES[2]

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff in this paragraph.

---

[1] In unnumbered paragraphs on pages 1 and 2 of the Complaint, Plaintiff characterizes what is "further alleged below." Defendant responds to those numbered allegations and no response is required to this preamble.

[2] For ease of reference only, Defendant's Answer replicates the headings and numbering contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2. Defendant admits that U.S. Customs and Border Protection is a component of the Department of Homeland Security and is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), headquartered at 1300 Pennsylvania Ave., N.W., Washington, D.C. 20229. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 consist of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, defendant admits that this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

4. The allegations contained in Paragraph 4 consist of legal conclusions regarding venue, to which no response is required. To the extent a response is required, defendant admits that venue can be found in this judicial district.

## STATEMENT OF FACTS

**A. Background on IRAP**

5. The allegations contained in Paragraph 5 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. The allegations contained in Paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is

required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The allegations contained in Paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. The allegations contained in Paragraph 8 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. The allegations contained in Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. The allegations contained in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. The allegations contained in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

### B. Remain in Mexico 1.0

12. The allegations contained in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13. The allegations contained in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant respectfully refers the Court to the cited data for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

14. The allegations contained in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

15. The allegations contained in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is

required, Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

### C. Remain in Mexico 2.0

16.     The allegations contained in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant respectfully refers the Court to the cited judicial opinion for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

17.     The allegations contained in Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent that a response is required, Defendant respectfully refers the Court to the cited press release for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

18.     The allegations contained in Paragraph 18 contains a characterization of Plaintiff's FOIA request, not allegations of fact, to which no response is required.

19.     The allegations contained in Paragraph 19 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent that a response is required, Defendant respectfully refers the Court to the cited judicial opinions for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

20.     The allegations contained in Paragraph 20 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. The allegations contained in Paragraph 21 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent that a response is required, Defendant respectfully refers the Court to the cited data for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

22. The allegations contained in Paragraph 22 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent that a response is required, Defendant respectfully refers the Court to the cited reference for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

23. The allegations contained in Paragraph 23 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24. The allegations contained in Paragraph 24 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent that a response is required, Defendant respectfully refers the Court to the cited article for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

**D.  The Ongoing Impact of Remain in Mexico**

25. The allegations contained in Paragraph 25 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent that a response is

required, Defendant respectfully refers the Court to the cited data for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

26. The allegations contained in Paragraph 26 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27. The allegations contained in Paragraph 27 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, Defendant respectfully refers the Court to the cited judicial opinion for a complete and accurate statement of their contents and denies any allegation inconsistent therewith.

28. The allegations contained in Paragraph 28 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**F. IRAP's December 21, 2021 FOIA Request**

29. Defendant admits that CBP received Plaintiff's FOIA request submitted on December 21, 2021 via FOIAOnline.gov, and Plaintiff's FOIA request was assigned identification number CBP-2022-26376. Defendant respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

30. The allegations contained in Paragraph 30 consist of Plaintiff's characterization of its FOIA request. Defendant respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

31.     The allegations contained in Paragraph 31 consist of Plaintiff's characterization of its FOIA request. Defendant respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

32.     The allegations contained in Paragraph 32 contains legal conclusions to which no response is required.

33.     Defendant admits that CBP provided Plaintiff with the FOIA number assigned to the request, and informed Plaintiff that its request for expedited processing was denied and its request for a fee waiver was not applicable. Defendant respectfully refers the Court to the referenced correspondence, Exhibits B and C to the Complaint, for a complete and accurate statement of their contents. Defendant CBP admits that, as of the filing of the complaint, it has not produced documents responsive to Plaintiff's FOIA request.

34.     The allegations contained in Paragraph 34 contains legal conclusions to which no response is required.

## COUNT 1

35.     Defendant incorporates by reference its responses to paragraphs 1-34 above.

36.     The allegations contained in Paragraph 36 contains legal conclusions to which no response is required.

37.     The allegations contained in Paragraph 37 contains legal conclusions to which no response is required.

38.     The allegations contained in Paragraph 38 contains legal conclusions to which no response is required.

39.     The allegations contained in Paragraph 39 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies.

**PRAYER FOR RELIEF**

Paragraphs a. through f. under the Prayer for Relief section of Plaintiff's Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defense contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1. This Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by FOIA.

2. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

3. Plaintiff is not entitled to attorneys' fees or cost in accordance with 5 U.S.C. § 552(a)(4)(A)(iii).

Dated: May 11, 2023

        Respectfully submitted,

        MATTHEW M. GRAVES, D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

        By: /s/ Sean Tepe
        SEAN M. TEPE, D.C. Bar #1001323
        Assistant United States Attorney
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        Telephone: (202) 252-7874