UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 23-0304 (AHA) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION
<u>FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. 1

Argument ............................................................................................................................ 2

    I.    The Court Should Uphold the Adequacy of Defendant's Search for Records. ...... 2

    II.    CBP's Exemptions 5 and 7(E) Withholdings Are Entirely Proper and Sufficiently Justified in the Howard Declaration and *Vaughn* Index. ........................................ 4

        A.    Exemption 5 ................................................................................................. 4

        B.    Exemption 7(E) ............................................................................................ 6

    III.    Defendant Has Released All Reasonably Segregable Material. ............................ 7

Conclusion ........................................................................................................................... 9

Defendant U.S. Customs and Border Protection ("CBP") respectfully submits the following reply in support of its Motion for Summary Judgment (ECF No. 27) and Opposition to Plaintiff's Cross-Motion for Summary Judgment (ECF No. 28):

## ARGUMENT

**I.   The Court Should Uphold the Adequacy of Defendant's Search for Records.**

Plaintiff challenges the sufficiency of the agency's search for records on four related grounds: first, because CBP allegedly did not provide Plaintiff a "complete list" of the search terms utilized to locate potentially responsive records; second, because CBP allegedly did not "explain" the "variations" in the search terms utilized; third, because CBP "did not explain" the "locations and manner of search"; and fourth, because CBP has not demonstrated that the new search Plaintiff requested in February 2025 would be burdensome. Pl.'s Mem. in Support of Pl.'s Cross-Mot. for Summ. J. and Opp'n to Def.'s Mot. for Summ J. ("Pl.'s Mem.") at 21–26. Plaintiff's contentions are meritless and should be rejected.

"[A] FOIA petitioner cannot dictate the search terms for his or her FOIA request." *Bigwood v. Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015). "[A requester's] insistence on its own preferred search terms does not undermine the reasonableness of the [agency's] search terms." *Heffernan v. Azar*, 317 F. Supp. 3d 94, 108 (D.D.C. 2018) (citing *Agility*, 113 F. Supp. 3d at 339). "Where the agency's search terms are reasonable, the Court will not [micromanage or] second guess the agency regarding whether other search terms might have been superior." *Liberation Newspaper v. Dep't of State*, 80 F. Supp. 3d 137, 146–47 (D.D.C. 2015); *see also Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case-specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the court should attempt to micromanage the executive branch."). The "adequacy of an agency's search is measured by a standard of reasonableness[] and

is dependent upon the circumstances of the case." *Davis v. Dep't of Just.*, 460 F.3d 92, 105 (D.C. Cir. 2006) (quoting *Schrecker v. Dep't of Just.*, 349 F.3d 567, 662 (D.C. Cir. 2003)). "There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested records." *Jud. Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 455 (D.D.C. 2016). Moreover, CBP's declaration is accorded a presumption of good faith. *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991), rebuttable only by a record that "raises substantial doubt as to the reasonableness of the search . . . in light of . . . positive indications of overlooked materials." *Jud. Watch*, 177 F. Supp. 3d at 455. "When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *Id.* at 1201.

Plaintiff does not challenge the broad search terms Defendant did apply as unreasonable, *see* Pl.'s Mem. at 21–24; instead, Plaintiff would have the Court override CBP's discretion and the agency's reasonable reliance on subject matter experts in conducting its search. This view is unsupported by established precedent set forth above and by the record in this matter. The Howard Declaration explains that CBP tasked the relevant sub-agencies to search for the Migrant Protection Protocol-related policy and guidance documents requested by Plaintiff, using broad terms including "MPP," "Migrant Protection Protocol," "MPP guidance," and "Migrant Protection" in a search that was calculated to locate all potentially responsive material. Howard Decl. ¶¶ 6–9. In conferring with Plaintiff regarding the search, CBP explained that the additional terms Plaintiff requested either would not yield potentially responsive documents (e.g., "Remain in Mexico" or "RMX") because CBP did not utilize those terms in relation to the relevant Migrant

Protection Protocol, or were superfluous and would not locate records not already identified by the broad terms CBP had already applied in conducting the search. *See* Jt. Status Rep. ¶ 12 (Feb. 21, 2025). CBP also explained to Plaintiff and the Court that approximately 50 custodians, who were Migrant Protection Protocol subject matter experts, conducted a manual search of their hard copy and electronic files to locate potentially responsive records, because no centralized database of records exists that contains records responsive to Plaintiff's request. *Id.* ¶¶ 8, 10.

On this record, CBP has "show[n] that its search efforts were reasonable and logically organized to uncover relevant documents; it need not knock down every search design advanced by [the] requester. *DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015). Plaintiff's motion for summary judgment on this issue should be denied and summary judgment entered in Defendant's favor on the adequacy of its search.

**II.     CBP's Exemptions 5 and 7(E) Withholdings Are Entirely Proper and Sufficiently Justified in the Howard Declaration and *Vaughn* Index.**

Plaintiff's Motion clarifies that Defendant's Exemption 5 and 7(E) withholdings with respect to thirteen records remain at issue in this litigation. *See* Pl.'s Mem. at 8–9; Pl.'s Mot, Ex. 2. (ECF No. 28-4). The Court should reject each of Plaintiff's challenges to these withholdings.

**A.     Exemption 5**

Plaintiff challenges one Exemption 5 redaction contained in a December 14, 2021 email communication regarding the court-ordered reimplementation of Migrant Protection Protocols. *See* ECF No. 28-4 at 51–53; Vaughn Index at 22. Plaintiff contends that CBP failed to adequately justify its reliance on Exemption 5 with respect to this record, including the foreseeable harm stemming from its potential release, Pl.'s Mem. at 6–7, but Plaintiff is entirely mistaken.

The redacted portion of the email is a section of text in which the author discusses "potential amenability criteria under consideration." Vaughn Index at 22. First, Plaintiff's reliance

on an earlier-dated memorandum, *see* Pl.'s Mot., Ex. 3, to support Plaintiff's contention that the material withheld in a separate record is not itself subject to Exemption 5, is unavaiiling. In context, the record at issue states clearly that the guidance provided by the author is subject to further review and revision. *See* ECF No. 28 at 52 (author stating that "[s]ome of the specific details in these documents may change; [San Diego Sector] is in the process of revising the documents for [San Diego Sector]-specific information."). As such, it is a predecisional document prepared in the course of agency decisionmaking on how to reimplement Migrant Protection Protocols. *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (Exemption 5 protects disclosure of "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."); *Cleveland v. United States*, 128 F. Supp. 3d 284, 298–99 (D.D.C. 2015) ("Examples of predecisional documents include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency'") (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

Moreover,"[t]here should be considerable deference to the [agency's] judgment as to what constitutes . . . 'part of the agency give-and-take—of the deliberative process—by which the decision itself is made'" because the agency is best situated "to know what confidentiality is needed 'to prevent injury to the quality of agency decisions.'" *Chem. Mfrs. Ass'n v. Consumer Prod. Safety Comm'n*, 600 F. Supp. 114, 118 (D.D.C. 1984) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)). As the Howard Declaration states, disclosure of this non-final information, i.e., the author's discussion of the potential amenability criteria, itself "reveal[s] the developmental process through which CBP employees helped reach a decision for CBP." Howard Decl. ¶ 11. Disclosure of the potential amenability criteria discussed in the record "would impede

future agency actions on this very subject," including by "chilling internal agency decision making processes." Vaughn Index at 22. Defendant has therefore "explain[ed the] foreseeable harm in a 'focused and concrete' way and 'in the specific context of the agency action at issue.'" *Greenspan v. Bd. of Govs.*, 643 F. Supp. 3d 176, 199 (D.D.C. 2022).

The Court should reject Plaintiff's challenge to Defendant's Exemption 5 withholding, and deny Plaintiff's request for in camera review, *see Lam Lek Chong v. U.S. Drug Enforcement Admin.*, 929 F.2d 729, 735 (D.C. Cir. 1991) (FOIA "permits but does not require" in camera review; decision whether to conduct such a review is left to court's discretion).

**B.    Exemption 7(E)**

Plaintiff laments that CBP's explanation of its Exemption 7(E) withholdings do not reveal the "techniques and procedures" CBP wishes to protect by relying on the exemption or establish that their disclosure risks circumvention of the law. *See* Pl.'s Mem. at 9–16. Plaintiff is wrong.

As to each of the challenged Exemption 7(E) withholdings, Defendant provided a detailed description of the document, its purpose, and the information withheld, and set forth why its disclosure reasonably risks circumvention of law.[1] As plainly set forth in CBP's particularized explanations of each document, each of the challenged Exemption 7(E) withholdings relate to the manner in which CBP identifies and processes noncitizens in connection with Migrant Protection Protocols, including determining whether an individual is subject to or exempt from these requirements. CBP's detailed explanations of its Exemption 7(E) redactions handily meet the

---

[1]    The challenged Exemption 7(E) redactions and the corresponding *Vaughn* Index explanations appear on the following pages: ECF No. 28-4 at 3 (Vaughn Index at 10-11); ECF No. 28-4 at 6–9 (Vaughn Index at 34); ECF No. 28-4 at 11–12 (Vaughn Index at 12–13); ECF No. 28-4 at 14–15 (Vaughn Index at 12); ECF No. 28-4 at 17–20 (Vaughn Index at 11); ECF No. 28-4 at 24–25 (Vaughn Index at 31); ECF No. 28-4 at 27–30 (Vaughn Index at 32); ECF No. 28-4 at 34–35 (Vaughn Index at 13); ECF No. 28-4 at 37 (Vaughn Index at 33); ECF No. 28-4 at 40 (Vaughn Index at 26); ECF No. 28-4 at 44 (Vaughn Index at 36); ECF No. 28-4 at 47 (Vaughn Index at 30).

FOIA's requirement that an agency provide "specific detail" showing that the withheld information "logically falls" within the ambit of Exemption 7(E). *See, e.g.*, *Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, 525 F. Supp. 3d 181, 188–90 (D.D.C. 2021) (finding agency's declaration "easily clear[ed]" the bar to withhold information that could reveal the number of Secret Service personnel on an overseas trip with a protectee). What is more, "where an agency 'specializes in law enforcement, its decision to invoke exemption 7 is entitled to deference.'" *Shapiro v. Dep't of Just.*, 393 F. Supp. 3d 111, 116 (D.D.C. 2019). The Court should therefore grant summary judgment in CBP's favor with respect to its withholdings pursuant to Exemption 7(E) and, so doing, reject Plaintiff's demand for in camera review of these records.

### III. Defendant Has Released All Reasonably Segregable Material.

The record before the Court demonstrates that CBP has released all reasonably segregable information contained in the thirteen challenged records. To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008); *Mead Data Ctr. v. Dep't of Air Force,* 566 F.2d 242, 260 (D.C. Cir. 1977). An agency can meet this requirement if its affidavits and Vaughn index identify and explain the agency's withholdings, including the portions of each record deemed non-exempt. *Heartland All. for Human Needs & Hum. Rts. v. USCIS*, 406 F. Supp. 3d 90, 129 (D.D.C. 2019). CBP has done so here, as discussed above. And as was explained by CBP's declarant, after a line-by-line review of each responsive document, CBP determined that the withheld information is "so intertwined with protected material that segregation is not possible or its release would have revealed the underlying protected material." Howard Decl. ¶ 32. The Howard Declaration and Vaughn Index amply demonstrate that CBP has fulfilled its obligation to segregate exempt from

non-exempt material and release as much exempt material as possible to Plaintiff. The Court should, therefore, grant summary judgment in CBP's favor on its segregability obligations.

\* \* \*

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment in its favor on all of Plaintiff's claims. A proposed order is submitted with this Motion.

Dated: May 9, 2025                                         Respectfully submitted,

                                                      EDWARD R. MARTIN, JR., D.C. Bar #481866
                                                     United States Attorney

                                          By:       */s/ Tabitha Bartholomew*
                                                    TABITHA BARTHOLOMEW
                                                    D.C. Bar No. 1044448
                                                    Assistant United States Attorney
                                                    601 D Street, NW
                                                    Washington, DC 20530
                                                    Tel: 202-252-2529
                                                    Tabitha.Bartholomew@usdoj.gov

                                                    *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. CUSTOMS AND BORDER PROTECTION, )<br>)<br>Defendant. ) | Civil Action No. 23-0304 (AHA) |

### [PROPOSED] ORDER

UPON CONSIDERATION of the parties' cross-motions for summary judgment, the parties' briefs, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion is DENIED. It is further

ORDERED that Defendant's Motion is GRANTED. It is further

ORDERED that summary judgment is entered in Defendant's favor as to all claims in the Complaint. It is further

ORDERED that this case is DISMISSED.

SO ORDERED.

_____              _____
Date                                                    AMIR H. ALI
                                                        United States District Judge